IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKEY GENE MOTEN,

        Plaintiff,                              CV F 04 6412 AWI WMW P

    vs.                                       ORDER DISMISSING COMPLAINT
                                                WITH LEAVE TO AMEND

R. VELLA, et al.,

        Defendants.

Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the original complaint. Plaintiff, formerly an inmate in the custody of the California Department of Corrections, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at CSP Corcoran.

Plaintiff's sole claim in this complaint is that he was denied access to the courts. Plaintiff's specific claim is that, while house at CSP Corcoran during a civil trial which he was prosecuting pro se, he was denied access to his material for a period of time. Plaintiff was brought to court for the first day of trial, which was delayed while correctional officials brought to Plaintiff his legal materials. Plaintiff alleges that, while housed at Corcoran, he was moved from one cell to another, and therefore deprived of his legal materials the evening before his

second day of trial.  Though plaintiff was provided his legal materials on that day of trial, the jury found for the defendants.

Inmates have a fundamental constitutional right of access to the courts.  <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  <u>Id</u>. at 354.  The State is not required to enable the inmate to discover grievances or to litigate effectively once in court.  <u>Id</u>.

Though Plaintiff does allege that he was pursuing a civil rights action, he has not alleged facts that indicate actual injury within the meaning of <u>Lewis</u>.  There are no facts alleged that Plaintiff lost his case as a result of the conduct of any of the defendants.  Plaintiff was allowed his legal materials while in court.  Plaintiff specifically alleges that the trial judge postponed the beginning of trial until officials could bring his legal materials to him.   Because Plaintiff has failed to allege facts sufficient to state a claim for relief, the complaint must be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux</u>

v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

    In accordance with the above, IT IS HEREBY ORDERED that:

    1.  Plaintiff's complaint is dismissed; and

    2.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   June 20, 2006**       /s/  **William M. Wunderlich**
mmkd34           UNITED STATES MAGISTRATE JUDGE