IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICKEY GENE MOTEN,

        Plaintiff,                           CV F 04 6412 AWI WMW P

    vs.                                   FINDINGS AND RECOMMENDATION

R. VELLA, et al.,

        Defendants.

        Plaintiff is a former state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the first amended complaint.  Plaintiff, formerly an inmate in the custody of the California Department of Corrections, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at CSP Corcoran. The first amended complaint is filed in response to an earlier order dismissing the original complaint with leave to amend.   In that order, the court noted the following.

      Plaintiff's sole claim in the complaint is that he was denied access to the courts. Plaintiff's specific claim is that, while house at CSP Corcoran during a civil trial which he was prosecuting pro se, he was denied access to his material for a period of time.  Plaintiff was brought to court for the first day of trial, which was delayed while correctional officials brought to Plaintiff his legal materials.  Plaintiff alleged that, while housed at Corcoran, he was moved from one cell to another, and therefore deprived of his legal materials the evening before his

1

1  second day of trial.  Though plaintiff was provided his legal materials on that day of trial, the jury
2  found for the defendants.

3      Inmates have a fundamental constitutional right of access to the courts.  <u>Lewis v. Casey</u>,
4  518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the
5  inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil
6  rights actions.  <u>Id</u>. at 354.  The State is not required to enable the inmate to discover grievances
7  or to litigate effectively once in court.  <u>Id</u>.

8      Though Plaintiff alleged that he was pursuing a civil rights action, he did not allege facts
9  that indicated actual injury within the meaning of <u>Lewis</u>.  There were no facts alleged that
10 Plaintiff lost his case as a result of the conduct of any of the defendants.  Plaintiff was allowed
11 his legal materials while in court.  Plaintiff specifically alleged that the trial judge postponed the
12 beginning of trial until officials could bring his legal materials to him.   Because Plaintiff failed
13 to allege facts sufficient to state a claim for relief, the complaint was dismissed.

14     In the first amended complaint, Plaintiff restates the allegations of the original complaint.
15 The crux of Plaintiff's claim is that he was not allowed access to his legal materials while he was
16 in the holding cell between trial days, and on the third day of trial.  Plaintiff's specific allegations
17 regarding the evening before the third day of trial follow.

18     Plaintiff was advised that instead of his regular cell, he would be placed in Administrative
19 Segregation.  Plaintiff advised Defendant Doe and Defendant Walker that if he was placed in
20 Administrative Segregation, it would constitute obstruction of his access to court.  Specifically,
21 Plaintiff contends that he would not have access to his legal materials in order to prepare for
22 court the next day.  Walker advised Plaintiff that "I will make sure that your legal materials and
23 property be delivered to you."  (Am. Compl. ¶¶ 35-38).

24     Plaintiff requested his legal materials.  His request was denied by a correctional officer.
25 The next morning, two transportation officers arrived to take Plaintiff to court.  Plaintiff
26

1  explained to them that he did not have his legal materials.  They advised Plaintiff that he would
2  have them in time for court.   Plaintiff was placed in a holding cage.  Defendant Doe # 2
3  approached Plaintiff with the box of his legal materials and asked Plaintiff what he needed.
4  Plaintiff told Doe# 2 that he needed all of the materials.  Doe # 2 refused to give Plaintiff all of
5  his materials, but did offer to provide any specific papers that Plaintiff asked for.  Plaintiff
6  alleges that he was "forced" to attend his trial without his papers.  Id.; ¶¶45-52.

7  The minutes of the trial indicate that on that day, the third and final day of trial, there
8  were two witnesses.   The jury deliberated and returned their verdict on that day.  Case no. CV F
9  96 5364 LJO P.[1]

10  Plaintiff was advised of the requirements for actual injury within the meaning of Casey v.
11  Lewis, 518 U.S.343  (1996).  The right of access does not require the State to "enable the
12  prisoner to discover grievances" or to "litigate effectively once in court."  Id. at 346.  Plaintiff's
13  allegations indicate, at most, that he did not have his legal documents on the third day of trial.
14  Plaintiff does not allege any facts indicating that he lost his case because of the specific conduct
15  of any of the defendants.  Plaintiff alleges that Defendant Walker told him he would get his
16  documents.  There are no allegations that Walker prohibited Plaintiff from receiving his legal
17  property.  As to Doe number 2, the allegations indicate that Plaintiff had the opportunity to
18  retrieve certain documents.   That Plaintiff did not have any legal documents on the third day of
19  trial is a result of his choice.

20  Further, there are no facts alleged indicating that the unfavorable verdict resulted from
21  Plaintiff's lack of any particular document.  The lawsuit at issue stems from injuries suffered by
22  Plaintiff in a fall.  Plaintiff claimed that the defendants in that case were negligent and failed to
23  provide him constitutionally adequate medical care.   On the third day of trial, two physician

---

[1] Judicial notice may be taken of court records.  Fed. R. Evid. 201(b), Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978).

1  witnesses testified, the jury retired and returned a verdict in favor of defendants.   Plaintiff may
2  not hold defendant liable by alleging that he did not have his entire box of legal materials on the
3  last day of trial.  Further, Plaintiff alleges no specific conduct on the part of any named
4  Defendant that caused his injury.  Plaintiff's conclusion that he lost his case because he did not
5  have the entirety of his legal materials fails to state a claim for relief.  Particularly where, as here,
6  he had the opportunity to select certain documents.
7       Because Plaintiff has not cured the defects identified in the order dismissing the original
8  complaint, the court recommends dismissal of the claims made in the original complaint with
9  prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v.
10 Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and
11 opportunity to amend prior to dismissing for failure to state a claim).
12       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for
13 failure to state a claim upon which relief can be granted.
14       These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within
16 twenty days after being served with these findings and recommendations, plaintiff may file
17 written objections with the court.  Such a document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
19 objections within the specified time waives all objections to the judge's findings of fact.  See
20 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the
21 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
22 F.2d 1153 (9th Cir. 1991).
23  IT IS SO ORDERED.
24 **Dated:   April 11, 2008**                    /s/  **William M. Wunderlich**
                                                UNITED STATES MAGISTRATE JUDGE
25
26